# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CISNEROS,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN McEWAN,<br><br>        Respondent, | No. CV 11-7021-PA(CW)<br><br>ORDER DISMISSING PETITION<br>FOR WRIT OF HABEAS CORPUS<br>(28 U.S.C. § 2254) |

As discussed below, the petition is dismissed without prejudice.

**BACKGROUND**

This action was opened on August 25, 2011, with the filing of a two-part document captioned "Motion in Response to Superior Court's Denial of Habeas Corpus" and "Motion for Stay and Abeyance." [Docketed, together, as docket no. 1.] In a minute order dated August 29, 2011, the court noted (a) that Petitioner had not submitted a petition for writ of habeas corpus (either using this court's form petition or setting forth the information which would be included on such a form petition); (b) that it was clear that Petitioner was still pursuing some claims in state court but was not clear whether

1  Petitioner had exhausted state court remedies on any claims; and (c)
2  that it was not clear what Petitioner's claims for habeas corpus
3  relief were.  [Docket no. 4.]
4      Accordingly, the court (1) denied Petitioner's stay request
5  without prejudice; (2) ordered a copy of the court's form petition
6  sent to Petitioner; (3) instructed Petitioner on pleading requirements
7  for a federal habeas petition; (4) set a deadline of September 16,
8  2011, for Petitioner to complete and submit a proper habeas petition;
9  and (5) informed Petitioner that, if he failed to comply with this
10 order in a timely manner this action would be subject to dismissal
11 without prejudice.  [Id.]  Petitioner has not submitted a proper
12 habeas petition, or otherwise responded to the court's order, and the
13 time allotted for doing so has expired.

## DISCUSSION

15     It is well established that district courts have authority to
16 dismiss actions for failure to prosecute or to comply with court
17 orders.  Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S.
18 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(authority to
19 dismiss for failure to prosecute necessary to avoid undue delay in
20 disposing of cases and congestion in court calendars); Ferdik v.
21 Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)(district court may
22 dismiss action for failure to comply with any court order).
23     In deciding whether to dismiss for failure to prosecute or to
24 comply with court orders a district court must consider five factors:
25 "(1) the public's interest in expeditious resolution of litigation;
26 (2) the court's need to manage its docket; (3) the risk of prejudice
27 to the defendants; (4) the public policy favoring disposition of cases
28 on their merits; and (5) the availability of less drastic sanctions."

1  <u>Omstead</u>, 594 F.3d at (<u>quoting</u> <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423
2  (9th Cir. 1986)); <u>see also</u> <u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir.
3  1994)(failure to prosecute); <u>Ferdik</u>, 963 F.2d at 1260-61 (9th Cir.
4  1992)(failure to comply with court orders).

5      In the present action, the first two factors -- public interest
6  in expeditious resolution of litigation and the court's need to manage
7  its docket -- weigh in favor of dismissal.  Petitioner has not
8  responded to the court's order on filing a proper petition despite
9  being warned of the consequences of such failure.  This hinders the
10 court's ability to move this case toward disposition, and suggests
11 that Petitioner does not intend to litigate this action diligently.

12     The third factor -- prejudice to the opposing parties -- also
13 weighs in favor of dismissal.  A rebuttable presumption of prejudice
14 arises when a petitioner unreasonably delays prosecution of an action.
15 <u>See</u> <u>Eisen</u>, 31 F.3d at 1452-53.  Nothing suggests that such a
16 presumption is unwarranted in this case.

17     The fourth factor -- public policy in favor of deciding cases on
18 the merits -- ordinarily weighs against dismissal.  However, it is
19 Petitioner's responsibility to move towards disposition at a
20 reasonable pace, and avoid dilatory and evasive tactics.  <u>See</u> <u>Morris</u>
21 <u>v. Morgan Stanley</u>, 942 F.2d 648, 652 (9th Cir. 1991).  Petitioner has
22 not discharged this responsibility, despite having been instructed on
23 his responsibilities, granted sufficient time in which to discharge
24 them, and warned of the consequences of failure to do so.  In these
25 circumstances, the policy favoring resolution of disputes on the
26 merits does not outweigh Petitioner's failure to obey court orders or
27 to file responsive documents within the time granted.

28     The fifth factor -- availability of less drastic sanctions --

also weighs in favor of dismissal. The court cannot move the case toward disposition without Petitioner's compliance with court orders or participation in this litigation. Petitioner has shown that he is either unwilling or unable to comply with court orders by filing responsive documents or otherwise cooperating in prosecuting this action. Other possible sanctions for Petitioner's failures are not appropriate with respect to a pro se litigant in custody.

Under the circumstances, dismissal for failure to prosecute is proper. Such a dismissal should not be entered unless a litigant has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, however, Petitioner was clearly warned of the possibility of dismissal in the minute order discussed above, and failed to respond. Under the circumstances it appears the giving further warning would be futile.

**IT IS THEREFORE ORDERED** as follows:

1. This action is dismissed, without prejudice, for failure to prosecute.

2. The clerk shall enter judgment accordingly.

DATE:  October 19, 2011

PERCY ANDERSON
United States District Judge

Presented by:
Dated:  October 17, 2011

CARLA M. WOEHRLE
United States Magistrate Judge

4